# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ROSARIO LAGALBO,

        Plaintiff,

    -vs-                                                        Case No. 08-cv-00997

RICK RAEMISCH, WARDEN LARRY JENKINS,
SCOTT EICKSTINE, BRIAN GUTSKE, MICHELLE CUMMINS,
LT SAWALL, CAPTAIN MILLER, CO BOERST,
CO BALTZ, CO DIEMEL, SGT FAULKE, and
JOHN DOE, sued as John and Jane Does 1-5,

        Defendants.

# DECISION AND ORDER

        The plaintiff, a Wisconsin state prisoner, filed this action pursuant to 42 U.S.C. § 1983. He was granted leave to proceed *in forma pauperis* on an Eighth Amendment failure to protect claim, retaliation and conspiracy to retaliate claims, and a Wisconsin state law negligence claim. This matter is before the court on the defendants' motion for summary judgment for failure to exhaust administrative remedies.

## STANDARD FOR SUMMARY JUDGMENT

        Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); McNeal v. Macht, 763 F. Supp. 1458, 1460-61 (E.D. Wis. 1991). "Material facts" are those facts that, under the applicable substantive law, "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving part." *Id.*

The burden of showing the needlessness of trial – (1) the absence of a genuine issue of material fact; and (2) an entitlement to judgment as a matter of law – is upon the movant. However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Id.* at 267; *see also Celotex Corp.*, 477 U.S. at 324 ("proper" summary judgment motion may be "opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves . . ."); Fed. R. Civ. P. 56(e) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleadings; rather its response must - by affidavits or as otherwise provided in this rule - set out specific facts showing a genuine issue for trial"). "Rule 56(c) mandates the entry of summary judgment, . . . upon motion, against a party who fails to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322.

2

# FACTS[1]

## A. Defendants' Proposed Findings of Fact

Thomas Gozinske (Gozinske) is employed by the Wisconsin Department of Corrections (DOC) as a Corrections Complaint Examiner (CCE). In this capacity, Gozinske receives and investigates appeals made to the DOC Secretary regarding adverse decisions on offender complaints filed by inmates, and makes appropriate recommendations concerning the same. Gozinske's duties and responsibilities are set forth in Wis. Admin. Code § DOC 310.

Consistent with § DOC 310.05, Wis. Admin. Code, inmates must exhaust all administrative remedies that the DOC has promulgated by rule before they may commence a civil action or special proceeding against an officer, employee or agent of the department in that person's official or individual capacity. In the case where an adverse decision on an Inmate Complaint Review System (ICRS) Offender Complaint has been made by the appropriate reviewing authority under § DOC 310.12, Wis. Admin. Code, the inmate may appeal the decision by filing a written request for review with Gozinske's office pursuant to §§ DOC 310.07 (4), (6) and (7) and § DOC 310.13, Wis. Admin. Code. In the course of Gozinske's duties, he receives appeals from inmates when they receive unfavorable institution decisions on their offender complaints filed under the ICRS. Gozinske investigates such appeals and makes appropriate recommendations concerning the same.

---

[1] This section is taken from the Defendants' Proposed Findings of Fact and the plaintiff's Affidavit in Opposition to Motion for Summary Judgment.

In order to exhaust an inmate's administrative remedies under the ICRS, a proper appeal must be made to Gozinske's office. In his capacity as CCE, Gozinske has diligently searched and examined the regularly conducted business records of his office, specifically with respect to inmate complaints and appeals filed by plaintiff, Rosario Lagalbo, #253309. It is Gozinske's understanding that the plaintiff is alleging in this lawsuit that the defendants failed to protect him from an attack by another inmate and then retaliated against him when he threatened to sue all of them.

During the course of his search, Gozinske found that the plaintiff filed one offender complaint (RGCI-2008-10228) with the ICE related to this lawsuit. However, Offender Complaint RGCI-2008-10228 was not appealed to the CCE as required by the Wisconsin Administrative Code. Therefore, the plaintiff did not exhaust his administrative remedy as required by Wis. Admin. Code § DOC 310. Pursuant to the Inmate Complaint History Report (Exhibit A), the plaintiff did not file any other offender complaints regarding the subject matter of this lawsuit.

**B. Plaintiff's Affidavit in Opposition to Motion for Summary Judgment**

In addition to Offender Complaint RGCI-2008-10228, which the plaintiff filed on April 7, 2008, on April 12, 2008, he filed Offender Complaint RGCI-2008-10746, in which he challenges the conduct report and resulting discipline he received following the alleged attack by another inmate. The plaintiff assumed that since both offender complaints arose out of the same incident, they would be addressed by institution staff together. Both

4

offender complaints were dismissed. The plaintiff repeatedly asked for help from RGCI staff in understanding his obligations with respect to the appeal of these decisions but the only assistance he was afforded was a reference to DOC 310. The plaintiff did appeal the dismissal of RGCI-2008-10746 in a timely manner, believing that the two complaints had been consolidated and that he was appealing dismissal of both.

## ANALYSIS

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), provides in pertinent part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is a condition precedent to suit. *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002) (citing *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999)). Section 1997e applies to "all inmate suits, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The PLRA exhaustion requirement requires "proper exhaustion," meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines. *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006); *see also Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002) ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require"). Exhaustion

5

is an affirmative defense, and the burden of proof is on the defendants. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (citing *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004)).

The Inmate Complaint Review System (ICRS) within the Wisconsin prisons is the administrative remedy available to inmates with complaints about prison conditions or the actions of prison officials. Wis. Admin. Code § DOC 310.01(2)(a). The Wisconsin Administrative Code specifically provides that before an inmate may commence a civil action, the inmate shall exhaust all administrative remedies that the Department of Corrections has promulgated by rule. Wis. Admin. Code § DOC 310.05. The ICRS is available for inmates to "raise significant issues regarding rules, living conditions, staff actions affecting institution environment, and civil rights complaints." Wis. Admin. Code § DOC 310.08(1).

In order to use the ICRS, an inmate must file a complaint with the inmate complaint examiner (ICE) within fourteen days after the occurrence giving rise to the complaint. Wis. Admin. Code §§ DOC 310.07(1) & 310.09(6). Complaints submitted later than fourteen days after the event may be accepted for good cause. Wis. Admin. Code § DOC 310.09(6). After reviewing and acknowledging each complaint in writing, the ICE either rejects the complaint or sends a recommendation to the "appropriate reviewing authority." Wis. Admin. Code §§ DOC 310.11(2) & 310.11(11). The appropriate reviewing authority makes a decision within ten days following receipt of the recommendation. Wis. Admin. Code § DOC 310.12. Within ten days after the date of the decision, a complainant

6

dissatisfied with a reviewing authority decision may appeal that decision by filing a written request for review with the corrections complaint examiner (CCE). Wis. Admin. Code § DOC 310.13(1). The CCE reviews the appeal and makes a recommendation to the Secretary of the Department of Corrections. Wis. Admin. Code § DOC 310.13(6). The Secretary may accept, adopt, or reject the CCE's recommendation, or return the appeal to the CCE for further investigation. Wis. Admin. Code § DOC 310.14(2).

The defendants contend that the plaintiff's claims should be dismissed because he failed to exhaust his administrative remedies in that he did not file any appeal to the CCE following the dismissal of Inmate Complaint RGCI-2008-10228. The plaintiff contends that he made a reasonable effort to exhaust his administrative remedies before filing suit, that his failure to appeal from both decisions dismissing his two interrelated complaints was caused by the refusal of the Red Granite Correctional Institution staff to respond to his requests for assistance, and that his belief that by appealing RGCI-2008-10746 he had appealed both complaints was reasonable. The plaintiff asserts that DOC did not comply with the mandate of DOC 310.06[2] in that it failed to offer him assistance in filing his appeal.

As long as the administrative authority has the ability to take some action in

---

[2] **DOC 310.06 Communication of procedures.** The department shall make the written complaint procedure readily available to all inmates. The department shall provide each inmate written notification and an oral explanation of the complaint procedures. The department shall provide an inmate the opportunity to ask and have questions answered. The department shall make appropriate provisions for non-English speaking, impaired or handicapped inmates.

Wis. Admin. Code § DOC 301.06

7

response to the complaint, an administrative remedy is still "available" under the PLRA. *Dole*, 438 F.3d at 809 (citing *Booth v. Churner*, 532 U.S. 731, 741 (2001)). However, prison officials may not take unfair advantage of the exhaustion requirement, and a remedy becomes "unavailable" if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting. *Id.* (citing *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Dale*, 376 F.3d at 656).

The plaintiff asserts that he was confused and did not know that he had to file a separate appeal for RGCI-2008-10228. After his questions to authorities went unanswered, he assumed that his appeal in RGCI-2008-10746, which stemmed from the alleged incident with the inmate but raised a distinct claim, covered an appeal in RGCI-2008-10228. However, the plaintiff filed two separate offender complaints raising distinct claims and there is no explanation as to why the plaintiff would believe an appeal to the CCE in one would count as an appeal to the CCE in the other. The Reviewer's Decision dismissing Offender Complaint RGCI-2008-10228 states, "A complainant dissatisfied with a decision may, within 10 calendar days after the date of the decision, appeal that decision by filing a written request for review with the Corrections Complaint Examiner on form DOC-405." (Gozinske Aff., Ex. B.) There is no indication that the plaintiff did not receive the Reviewer's Decision dismissing his Offender Complaint RGCI-2008-10228. *See Lewis*, 300 F.3d at 833 (inmate was required to exhaust administrative remedies as to his "staff conduct" grievance despite officials' failure to respond to other grievances; officials had responded to "staff conduct"

8

grievance and inmate had 30 days to file an appeal but did not timely do so). Finally, there is no indication that the plaintiff was told he did not have to file an appeal, or that he was given any other misinformation. *See Lewis*, 300 F.3d at 834.

It is undisputed that RGCI-2008-10228 was the only offender complaint filed by the plaintiff that was based on the claims he is proceeding on in this case. It is undisputed that RGCI-2008-10228 was dismissed and that the plaintiff has failed to file an appeal of that dismissal to the CCE. Accordingly, the court finds that the plaintiff has not exhausted his administrative remedies. *See Pozo*, 286 F.3d at 1023. Thus, this case is subject to dismissal without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

## ORDER

**IT IS THEREFORE ORDERED** that the defendants' motion for summary judgment (Docket #30) is **granted**.

**IT IS FURTHER ORDERED** that this case is dismissed without prejudice pursuant to 42 U.S.C. § 1997e(a).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly

Dated at Milwaukee, Wisconsin, this 20th day of July, 2010.

**SO ORDERED,**

*s/ Rudolph T. Randa*

**HON. RUDOLPH T. RANDA**
**U. S. District Judge**